UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>           Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>           Defendants. | 1:20-00576-NONE-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL, WITHOUT PREJUDICE, UNDER RULE 41**<br>**(ECF No. 28.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE CASE** |

Daronta T. Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (1994). Plaintiff filed the Complaint commencing this action on April 15, 2020 at the United States District Court for the Northern District of California. (ECF No. 1.) On April 21, 2020, the case was transferred to this court. (ECF No. 4.)

On August 19, 2021, Plaintiff filed a motion to voluntarily dismiss this case without prejudice.[1] (EDF No. 28.) The court construes Plaintiff's motion as a notice of dismissal under Rule 41(a)(1). In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing

---

[1] Plaintiff has included a declaration requesting appointment of counsel as part of his motion to voluntarily dismiss this case. (ECF No. 28 at 2.) The declaration, dated both June 11, 2021 (date crossed out) and August 13, 2021, which Plaintiff refers to as "Exhibit (A) Declaration in support of motion to dismiss without prejudice," ECF No. 28 at 1, appears misplaced, as it does not support the motion to dismiss. Moreover, to the extent that Plaintiff seeks appointment of counsel at this stage of the proceedings, such request is denied in light of Plaintiff's filing of a motion to voluntarily dismiss this case. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (the court will seek volunteer counsel based, in part, on the likelihood of success of the merits).

Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required.  Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  Concha, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer or motion for summary judgment in this action.  Therefore, Plaintiff's notice of dismissal is effective as of the date it was filed, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;

2. This action is DISMISSED in its entirety without prejudice; and

3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **August 23, 2021**                              **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE